UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CARL KELLY,<br><br>    Plaintiff,<br><br>    v.<br><br>ATENLY, et al.,<br><br>    Defendants. | Case No. 22-cv-02915-JST<br><br>**ORDER TO SHOW CAUSE WHY PLAINTIFF SHOULD NOT BE DENIED LEAVE TO PROCEED IN FORMA PAUPERIS**<br><br>Re: ECF No. 4 |

Plaintiff, an inmate at Salinas Valley State Prison ("SVSP"), has filed a *pro se* action pursuant to 42 U.S.C. § 1983. He has requested leave to proceed *in forma pauperis*. ECF No. 2. For the reasons set forth below, the Court orders Plaintiff to show cause why his request for leave to proceed *in forma pauperis* should not be denied pursuant to the three strikes provision set forth in 28 U.S.C. § 1915(g).

**DISCUSSION**

Plaintiff is a frequent litigant. Plaintiff has filed at least fourteen civil rights cases in this district, *see, e.g., Kelly v. Gates*, C No. 22-cv-03451 JST; *Kelly v. Allen*, C No. 22-02719 JST; *Kelly v. Warden of Salinas Valley State Prison*, C No. 22-cv-02647-JST; *Kelly v. Quintero et al.*, C No. 21-cv-5127 JST; *Kelly v. Salinas Valley State Prison, et al.*, C No. 21-cv-04498; *Kelly v. Paredes et al*, C No. 20-cv-08987 SI; *Kelly v. Sullivan, et al.*, C No. 19-cv-3138 SI; *Kelly v. Wood, et al.*, C No. 19-cv-3086 SI; *Kelly v. Sullivan, et al.*, C No. 19-cv-3084 SI; *Kelly v. Sullivan, et al.*, C No. 19-cv-0125 SI; *Kelly v. Warden, et al.*, C No. 19-cv-0046; *Kelly v. Sullivan, et al.*, C No. 19-cv-0045; *Kelly v. Sullivan, et al.*, C No. 18-cv-6386; and *Kelly v. Sullivan*, C No. 18-cv-6351 EMC. He has also filed a number of cases in the Eastern District of California.

In C Nos. 20-cv-08987 SI, 19-cv-3138 SI, 19-cv-3084 SI, 19-cv-0125 SI, 19-cv-0046 SI,

19-cv-0045 SI, Plaintiff was denied leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g).

**A.     28 U.S.C. § 1915(g)**

This action is governed by the Prison Litigation Reform Act of 1996 ("PLRA") which was enacted, and became effective, on April 26, 1996. The PLRA provides that a prisoner may not bring a civil action under 28 U.S.C. § 1915, i.e., may not proceed *in forma pauperis*, "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). "[T]he imminent danger exception to the PLRA three-strikes provision requires a nexus between the alleged imminent danger and the violations of law alleged in the complaint." *Ray v. Lara*, 31 F.4th 692, 695 (9th Cir. 2022).

The Ninth Circuit requires that the prisoner be given notice of the potential applicability of Section 1915(g), by either the district court or the defendants, but also requires the prisoner to bear the ultimate burden of persuasion that Section 1915(g) does not bar *in forma pauperis* status for him. *Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005). *Andrews* implicitly allows the Court to *sua sponte* raise the Section 1915(g) issue, but requires the Court to notify the prisoner of the earlier dismissals it considers to support a Section 1915(g) dismissal and allow the prisoner an opportunity to be heard on the matter before dismissing the action. *See id.* A dismissal under Section 1915(g) means that a prisoner cannot proceed with his action *in forma pauperis* under Section 1915(g). However, the prisoner may still pursue his claims if he pays the full filing fee at the outset of the action.

**B.     Prior Strikes**

A review of the dismissal orders in Plaintiff's prior prisoner actions reveals that he has had at least three cases dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. The qualifying cases include: (1) *Kelly v. Sao*, E. D. Cal. No. 18-cv-484 DAD (dismissed for failure to state a claim); (2) *Kelly v. Elit*, E. D. Cal. No.

18-cv-019 DAD (dismissed for failure to state a claim); and (3) *Kelly v. Gyorky*, E. D. Cal. No. 11-cv-2142 WBS (dismissed for failure to state a claim and failure to prosecute when plaintiff did not file amended complaint curing deficiencies identified in initial complaint). The Court has reviewed these cases and find that these cases constitute strikes within the meaning of Section 1915(g).

**C.      Complaint**

Plaintiff commenced this action by handing his complaint to prison authorities for mailing on or about May 8, 2022. ECF No. 1 at 71. In the caption, he names the following defendants: wardens Atenly, Allen, and Foss; and doctors Paredes and Gamboa. ECF No. 1 at 1. In the body of the complaint, he names an additional eighteen defendants: SVSP psychologists Tinus and Malhotra; SVSP doctor Danils; SVSP nurses Ronque and Gooby; SVSP correctional officers Ramey, Quintero, and Melendez; appeals coordinator Lomeli; SVSP CEO Padilly; SVSP compliance analyst Esparza; SVSP ADA coordinator Modica; HCARN interviewer RN Villanueva; Health Care Grievance and Appeal Branch chief Gates; SVSP CEO Sawyer; SVSP receiving authority Sawyer; SVSP psychologist Wool; SVSP CTC doctor Zahed Ahmed, and SVSP LVN Adam Ssembaisswe. ECF No. 1 at 5, 7.

The complaint makes the following allegations.

Plaintiff alleges that on around November 27, 2018, he was beaten by defendants Quintero, Melendez, and Ramey, resulting in internal bleeding in his legs and damage to his left eye. Defendant Gooby inspected Plaintiff's left eye but did nothing after defendant Quintero stated that Plaintiff did not need medical help. The next day Plaintiff was sent to CTC after complaining of chest pain. From CTC, Plaintiff was sent to an outside hospital, where he was scheduled for a cauterization on December 4, 2018. However, the doctor refused to do the cauterization when Plaintiff refused to take a higher dosage of his medication. On December 6, 2018, Plaintiff passed out while his blood pressure was being taken and Plaintiff was sent to Natividad Hospital for treatment for a hematoma and high blood pressure. Plaintiff remained in the hospital until December 9, 2018. Plaintiff's legs and left eyes were swollen from being beaten by defendant Melendez.

1    On or about May 24, 2003, Plaintiff was attacked from behind and raped by an unknown
2    assailant.  Plaintiff was prescribed Tylenol 3 with codeine from 2008 until 2017 when he
3    transferred to Kern Valley State Prison.  At that point, Plaintiff was told that inmates could not
4    take Tylenol 3 with codeine unless housed in a medical facility.  Plaintiff is currently prescribed
5    amitriptyline for his pain, but it does not control his plain and only helps him fall asleep.
6    Defendants Danials, Tinius and Malhotra do not believe that Plaintiff has been raped.  Defendants
7    doctors Paredes and Gamboa, and defendants Lomeli, Padilly, Esperza, Mojica, Villanueva, Gates,
8    Sawyer, Wool, and Zahed falsely accuse Plaintiff of taking Tylenol 3 with codeine.

9    Plaintiff has had nine surgeries to address his rectal bleeding stemming from the rape, and
10   is on a blood thinner and could clog up and clot and have a stroke at any time but none of the
11   doctors, including defendant Danils and Dr. Yeh, care.  Plaintiff also allege that defendants Danils,
12   Gamboa, and Malhotra incorrectly claim that Plaintiff has a seizure disorder.  Plaintiff argues that
13   prison officials should give him an EGG to determine what is causing his violent convulsions and
14   to determine if these convulsions are seizures.  Plaintiff also claims that he is afraid to be housed
15   in his current situations because the officers and nurses do not care, he cannot get the correct
16   supplies, and he is forced to use the restroom himself leading to a rash.

**D.      Analysis**

The complaint does not allege that Plaintiff is in imminent danger of serious physical injury.  Plaintiff references events that happened in 2003 and 2018.  While Plaintiff also appears to be alleging that he is not currently receiving medical care, thereby putting him at risk for serious physical injury, this claim is contradicted by the exhibits attached to Plaintiff's complaint.  The attached exhibits show that, in the last year, Plaintiff has been seen by a cardiologist and neurologist; has had a cardiac work-up, including electrocardiogram, chest x-rays, and laboratory studies; has had laboratory and imaging done, including a computed tomography scan of the brain; has had his INR levels monitored (ability to clot blood); and prison doctors have prescribed him medications for pain management and his heart condition.  ECF No. 1 at 43, 53.

In light of the dismissals of three prior actions on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, and because it does not

4

appear that Plaintiff was under imminent danger of serious physical injury when he filed this action, Plaintiff is ORDERED TO SHOW CAUSE in writing within **twenty-eight days** of this order, why his *in forma pauperis* application should not be denied.  In the alternative, he may pay the full filing fee of $402.00 by the deadline.

## CONCLUSION

Accordingly, within **twenty-eight (28) days** of the date of this order, Plaintiff shall show cause why his request for leave to proceed *in forma pauperis* should not be denied pursuant to the three strikes provision set forth in 28 U.S.C. § 1915.  In the alternative, he may pay the $402.00 filing fee in full.  Failure to respond in accordance with this order may result in dismissal of this action without further notice to Plaintiff pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to comply with a court order.

**IT IS SO ORDERED.**

Dated:  August 16, 2022

_____
JON S. TIGAR
United States District Judge

5